# Exhibit A



RECEIVED

2022 MAY 19 AM II: 17

U.S. ATTORNEY'S OFFICE
DISTRICT OF COLORADO

| | |
|---|---|
| DISTRICT COURT, MONTROSE COUNTY, COLORADO<br>1200 N Grand Ave., Montrose, CO 81401 | |
| Plaintiff:    MATTHEW IMUS, EMILY IMUS, and MATTHEW IMUS and EMILY IMUS as the CO-PERSONAL REPRESENTATIVES of the ESTATE OF CONNOR IMUS | ☐    **COURT USE ONLY**    ☐ |
| v. | Case No. 2021CV030025 |
| Defendants:    THE UNCOMPAHGRE VALLEY WATER USERS ASSOCIATION; and the UNITED STATES OF AMERICA | Div. 5<br><br>Judge Mary E Deganhart |
| J. Keith Killian, Esq.                          No. 9042<br>Timothy R. Wolfe, Esq.                      No. 56952<br>Killian, Davis, Richter & Kraniak, PC<br>202 North Seventh Street<br>Post Office Box 4859<br>Grand Junction, Colorado 81502<br>Telephone: (970) 241-0707<br>Attys. for Plaintiffs | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

**The United States of America**
ATTN: Cole Finegan, Esq.
United States Attorney for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

- 1 -

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your Answer or other response within twenty-one (21) days after such service upon you. If service of the Summons and Complaint was made upon you outside the State of Colorado, you are required to file your answer or other response within thirty-five (35) days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you by the court for the relief demanded in the Complaint without further notice.

A copy of the Complaint and Civil Case Cover Sheet is served along with this Summons.

DATED this 18th day of May 2022.

Killian, Davis, Richter & Kraniak, PC

*/s/ Tim Wolfe*
J. Keith Killian, No. 9042
Timothy R. Wolfe, No. 56952
Attorneys for Plaintiffs

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

- 2 -

DATE FILED: April 19, 2022 8:03 PM
CASE NUMBER: 2021CV30025

| | | |
|---|---|---|
| DISTRICT COURT, MONTROSE COUNTY, COLORADO <br><br> 1200 N Grand Ave., Montrose, CO 81401 | | |
| **Plaintiffs**: MATTHEW IMUS, EMILY IMUS, and MATTHEW IMUS and EMILY IMUS as the CO-PERSONAL REPRESENTATIVES of the ESTATE OF CONNOR IMUS <br><br> v. <br><br> **Defendants**: THE UNCOMPAHGRE VALLEY WATER USERS ASSOCIATION, and the UNITED STATES OF AMERICA | ▲   **COURT USE ONLY**   ▲ <br><br> Case No. <br><br> Div. |
| J. Keith Killian, Esq.         No. 9042 <br> Timothy R. Wolfe, Esq.     No. 56952 <br> KILLIAN DAVIS Richter & Mayle, PC <br> 202 North Seventh Street <br> Post Office Box 4859 <br> Grand Junction, Colorado 81502 <br> Telephone: (970) 241-0707 <br> Attys. for Plaintiffs | |

## COMPLAINT

Plaintiffs, Matthew Imus and Emily Imus individually, and Matthew Imus and Emily Imus as the co-personal representatives of the estate of Connor Imus, through their attorneys of record, Killian Davis Richter & Mayle, PC, hereby submit this COMPLAINT and in support thereof state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Matthew Imus, is a citizen of Montrose County, State of Colorado, United States, who currently resides at the following address: 3739 Buffalo Lane, Montrose, Colorado 81403.

2.      Plaintiff, Emily Imus, is a citizen of Montrose County, State of Colorado, United States, who currently resides at the following address: 16377 6770 Court, Montrose, Colorado 81401.

3.      On May 5, 2019, and at all other relevant times, Connor Imus (deceased) was a resident of Montrose County, Colorado.

4.      Connor Imus died on May 5, 2019, in Montrose County, Colorado.

5.      Upon information and belief, Connor Imus died in the South Canal near Latitude 38.4081 degrees North and Longitude 107.8021 degrees West (the "Property").

6.      Matthew Imus is the natural father of Connor Imus.

7.      Emily Imus is the natural mother of Connor Imus.

8.      On May 5, 2019, and at all other relevant times, Matthew Imus was a resident of Montrose County, Colorado.

9.      On May 5, 2019, and at all other relevant times, Emily Imus was a resident of Montrose County, Colorado.

10.     On May 5, 2019, and at all other relevant times, the Uncompahgre Valley Water Users Association (the "UVWUA") was a non-profit association doing business in Montrose County, Colorado.

11.     The UVWUA has a principal office located at 601 N Park Avenue, Montrose, CO 81401.

12.     On May 5, 2019, and at all other relevant times, the UVWUA participated in the development, operation, and maintenance of the Property, including the canal and irrigation facilities in Colorado that gave rise to this cause of action.

13.     On May 5, 2019, and at all relevant times, the United States of America (the "US"), acting through the Bureau of Reclamation, US Department of the Interior (the "DOI")

2

participated in the development, operation, and maintenance of the Property, including the canal and irrigation facilities in Colorado that gave rise to this cause of action.

14.     On May 5, 2019, and at all relevant times, the US held title to the Property, including the canal and irrigation facilities in Colorado that gave rise to this cause of action.

15.     This Court is vested with jurisdiction over the UVWUA because the alleged tort occurred in Colorado and UVWUA is a non-profit association doing business within the State of Colorado, in Montrose County, as authorized.

16.     Because this is an action now brought under the Federal Tort Claims Act, the US District Court for the District of Colorado has original jurisdiction over this action.

17.     The plaintiffs completed Standard From 95, CLAIM FOR DAMAGE, INJURY, OR DEATH, alleging essentially the same facts and claims against the US as are alleged in this Complaint. The plaintiffs submitted the completed Standard Form 95 to the DOI on April 29, 2021, in compliance with 28 U.S.C. § 2401(b).

18.     The US failed to make a final disposition of the claims alleged in the Standard Form 95 within six months. Under 28 U.S.C. § 2675(a), after six months, the US's delay can be deemed a final denial. Thus, the plaintiffs have satisfied the prerequisites to bringing an action for these claims against the US.

19.     The US denied the claims Matthew and Emily Imus brought in their individual capacities on January 13, 2022.

20.     On March 1, 2022, the US claimed it was rejecting, but nevertheless would have denied, the claims brought on behalf of Connor Imus.

21.     The venue of this action is proper in the US District Court for the District of Colorado.

22.     The claims for relief set forth below are subject to the applicable laws of the State of Colorado and the federal laws of the United States.

## GENERAL ALLEGATIONS

23.     Plaintiffs incorporate by reference each paragraph of this Complaint.

24.     The UVWUA was developed in 1902 to organize a plan to divert the Gunnison River. This project includes over 83,000 acres of land located in Montrose and Delta counties. It surrounds the cities of Montrose, Delta, and the town of Olathe for 34 miles along both sides of the Uncompahgre River. The irrigation water for this project is diverted from the rivers into a network of canals and laterals. It includes 128 miles of major canals, 438 miles of laterals and 216 miles of drains. The laterals carry the irrigation water to each headgate. At the headgate the

3

water enters private ditches and facilities operated by the landowners. After use, the tail water flows away from the property into laterals to be reused and into drains.

25.     The US worked with the UVWUA to construct the irrigation project, which the US named the "Uncompahgre Project." The Uncompahgre Project consisted of the Gunnison Tunnel, Taylor Park Dam and Reservoir, South Canal, canal, distribution and drainage systems, and other works and structures. The US acquired water rights, canals, land, and other property and rights of various kinds to facilitate the project.

26.     The US entered into 10 contracts with the UVWUA between 1904 and 1940, all of which provided for the construction of the Uncompahgre Project, including the payment of the cost thereof and/or the performance of acts and things connected with said project.

27.     The 10 contracts between the US and the UVWUA, executed between 1904 and 1940, were superseded by a 1948 contract between the US and the UVWUA.

28.     As of the 1948 contract, the UVWUA owed the US nearly $9 million for work performed directly by the USA related to the project.

29.     The 1948 contract states that the US remained the title holder of all assets and rights transferred to the UVWUA under the contract.

30.     The 1948 contract states that the US retained the perpetual right to use for its sole benefit the assets and rights transferred to the UVWUA under the contract.

31.     The UVWUA has operated and maintained the project since 1932, including maintaining all of the canals and laterals up to and including the headgate.

32.     Connor Imus was 17 years old on May 5, 2019. At or around 11:30 a.m., Connor went for a walk with his dog, Bella.

33.     Connor Imus did not report to work at 2 p.m., which was highly untypical and cause for suspicion.

34.     Matthew Imus and Emily Imus attempted to locate Connor by calling and tracking his cellular telephone with GPS. The GPS search revealed Connor's cellphone and keys on the canal bank, near the entrance of the syphon area of the canal.

35.     At or around 6:45 p.m., Emily Imus contacted 911 to report Connor as missing, the location of his cellular telephone and keys, and filed a missing person's report with the Montrose County Sherriff's office.

4

36.     A search for Connor Imus was led by Montrose County Sherriff's office, and aided by Montrose County Posse, the UVWUA, Delta-Montrose Electric Association, friends, and family, began May 5, 2019, and went throughout the night and into the following day.

37.     Upon information and belief, to aid in the search, the UVWUA lowered the water levels of the canal at the plant's intake bay.

38.     At or around midnight, Connor Imus's dog, Bella, was found dead in the canal's grates, near the turbine.

39.     Bella drowned in the canal.

40.     The following day, On May 6, 2019, the UVWUA - with permission from the Delta-Montrose Electrical Association, further lowered the water levels at the intake bay. At or around 2 p.m., Connor Imus's body was found on a shelf feature of the canal near the Drop Five Hydroelectrical Generational Plant.

41.     Connor Imus drowned in the canal on or around the Property.

42.     Upon information and belief, Connor Imus may have entered the water of the canal in an attempt to save his dog Bella from drowning.

43.     The area of the canal on and around the Property is very deceptive and very dangerous. While on the surface it appears to be slow moving and shallow, it is in fact very fast-moving with a powerful undercurrent and undertow. Estimates from the time indicate the water flow in the canal was moving at or around 700 cubic feet per second.

44.     This is the second drowning in the canal in the past decade. In 2010, Rick Steele fell into the canal and drowned. His body was recovered near Uncompahgre Road, south of where Connor Imus's body was found.

45.     Upon information and belief, there was no signage posted to warn individuals that the Property was private land.

46.     Upon information and belief, there was no gate, chain, or rope marking off the Property or canal.

47.     Upon information and belief, there was no signage on the Property warning of the dangers of the canal and its undercurrent.

48.     Upon information and belief, it was only after Connor Imus's unfortunate drowning that the UVWUA or the US placed warning signs in the area.

5

**FIRST CLAIM FOR RELIEF**
**AGAINST THE UVWUA**
**NEGLIGENCE RESULTING IN WRONGFUL DEATH AND SURVIVOR CLAIM**
Section 13-21-202, C.R.S. (wrongful death);
Section 13-20-101, C.R.S. (survival of actions);
CJI-Civ. 9:1

49.    Plaintiffs incorporate by reference each paragraph of this Complaint.

50.    The UVWUA owed a duty of care to Connor Imus.

51.    The UVWUA breached its duty of care that it owed to Connor Imus.

52.    The UVWUA's breach of the duty of care that it owed to Connor Imus was a
cause of Connor Imus's injuries, damages, and losses resulting from the May 5, 2019, incident.

53.    The UVWUA's breach of the duty of care that it owed to Connor Imus was a
cause of Connor Imus's death on May 5, 2019.

54.    Connor Imus incurred injuries, damages, and losses during his life and as the
result of his wrongful death which occurred on May 5, 2019.

55.    Matthew Imus incurred injuries, damages, and losses as the result of the wrongful
death of his son Connor Imus on May 5, 2019.

56.    Emily Imus incurred injuries, damages, and losses as the result of the wrongful
death of her son Connor Imus on May 5, 2019.

**SECOND CLAIM FOR RELIEF**
**AGAINST THE UVWUA**
**PREMISES LIABILITY TO INVITEE RESULTING IN WRONGFUL DEATH AND**
**SURVIVOR CLAIM**
SECTION 13-21-115, C.R.S.;
C.J.I.-Civ. 12:3

57.    Plaintiffs incorporate by reference each paragraph of this complaint.

58.    Plaintiffs incurred injuries, damages, and losses as a result of the May 5, 2019,
incident.

59.    On May 5, 2019, and at all other relevant times, the UVWUA was a "landowner"
as defined in section 13-21-115(1), C.R.S., of the Property.

6

60.    On May 5, 2019, and at all other relevant times, The UVWUA was in possession
of the Property and was legally responsible for the condition of the Property and for the activities
conducted or circumstances existing on the premises of the Property.

61.    On May 5, 2019, Connor Imus was an invitee as defined in section 13-21-
115(5)(a), C.R.S., when he entered the Property.

62.    On May 5, 2019, Connor Imus entered or remained on the Property in response to
the UVWUA's express or implied representation that the public is requested, expected, or
intended to enter or remain.

63.    The UVWUA had a duty to exercise reasonable care to protect against dangers of
which it actually knew or as a reasonable person exercising reasonable care should have known.

64.    At all times relevant hereto, the UVWUA had the duty to warn the public of all
dangerous conditions of which it was aware or should have been aware.

65.    There were no signs, warnings, or notices to persons on the Property that the
Property had an unsafe canal.

66.    The UVWUA knew or should have known that the presence of the canal
constituted a danger to the public, including Connor Imus.

67.    The UVWUA knew or should have known that the presence of the canal
constituted a dangerous condition.

68.    The UVWUA failed to use reasonable care to protect Connor Imus against the
danger of the canal.

69.    Plaintiffs were injured as a result of the UVWUA's failure to exercise reasonable
care.

70.    Plaintiffs sustained injuries, damages, and losses as a result of The UVWUA's
failure to exercise reasonable care.

7

### THIRD CLAIM FOR RELIEF
### AGAINST THE UVWUA
### PREMISES LIABILITY TO LICENSEE RESULTING IN WRONGFUL DEATH AND
### SURVIVOR CLAIM
Section 13-21-115, C.R.S.;
C.J.I.-Civ. 12:2

71.    Plaintiffs incorporate by reference each and every paragraph of this complaint.

72.    On May 5, 2019, and at all other relevant times, the UVWUA was a "landowner," as defined in 13-21-115(1), C.R.S., of the Property.

73.    On May 5, 2019, and at all other relevant times, the UVWUA was in possession of the Property and was legally responsible for the condition of the Property and for the activities conducted or circumstances existing on the Property.

74.    On May 5, 2019, Connor Imus was a "licensee," as defined in section 13-21-115(5)(b), C.R.S., when he entered the Property.

75.    On May 5, 2019, Connor Imus entered or remained on the premises of the Property for his own convenience or to advance his own interests, pursuant to the UVWUA's permission or consent.

76.    Connor Imus had The UVWUA's permission or consent to enter or remain on the premises of the Property.

77.    As a landowner, The UVWUA assumed a duty of care to Connor Imus, who was a licensee on the Property.

78.    The UVWUA knew that the presence of the canal constituted a danger to the public, including Connor Imus.

79.    The UVWUA failed to use reasonable care to warn of the danger on the Property, which it actually knew about, and the danger was one not ordinarily present on the premises.

80.    The UVWUA failed to use reasonable care to protect against the danger on the Property.

81.    Plaintiffs were injured as a result of the UVWUA's failure to exercise reasonable care.

8

82.    Plaintiffs sustained injuries, damages, and losses as a result of the UVWUA's failure.

**FOURTH CLAIM FOR RELIEF**
**AGAINST THE UVWUA**
**PREMISES LIABILITY TO TRESSPASSEE RESULTING IN WRONGFUL DEATH**
**AND SURVIVOR CLAIM**
Section 13-21-115, C.R.S.;
C.J.I.-Civ. 12:1

83.    Plaintiffs incorporate by reference each and every paragraph of this complaint.

84.    On May 5, 2019, and at all other relevant times, The UVWUA was a "landowner," as defined in 13-21-115(1), C.R.S., of the Property.

85.    On May 5, 2019, and at all other relevant times, The UVWUA was in possession of the Property and was legally responsible for the condition of the Property and for the activities conducted or circumstances existing on Property.

86.    On May 5, 2019, Connor Imus was a "trespasser" as defined in section 13-21-115(5)(a), C.R.S., when he entered the Property.

87.    As a landowner, the UVWUA assumed a duty of care to Connor Imus, who was a trespasser on the Property.

88.    The UVWUA knew that the presence of the canal constituted a danger to the public, including Connor Imus.

89.    The UVWUA acted willfully or deliberately in its failure to warn and safeguard of the danger on the Property, which it actually knew about, and the danger was one not ordinarily present on the premises.

90.    Plaintiffs were injured and died as a result of the UVWUA's willful or deliberate acts.

91.    Plaintiffs sustained injuries, damages, and losses as a result of the UVWUA's willful and deliberate conduct.

9

### FIFTH CLAIM FOR RELIEF
### AGAINST THE US
### NEGLIGENCE RESULTING IN WRONGFUL DEATH AND SURVIVOR CLAIM
Section 13-21-202, C.R.S.(wrongful death);
Section 13-20-101, C.R.S. (survival of actions);
CJI-Civ. 9:1

92.     Plaintiffs incorporate by reference all paragraphs of this Complaint.

93.     The US owed a duty of care to Connor Imus.

94.     The US breached the duty of care that it owed to Connor Imus.

95.     The US's breach of the duty of care that it owed to Connor Imus was a cause of Connor Imus's injuries, damages, and losses resulting from the May 5, 2019, incident.

96.     The US's breach of the duty of care that it owed to Connor Imus was a cause of Connor Imus's death on May 5, 2019.

97.     Connor Imus incurred injuries, damages, and losses during his life and as the result of his wrongful death which occurred on May 5, 2019.

98.     Matthew Imus incurred injuries, damages, and losses as the result of the wrongful death of his son Connor Imus on May 5, 2019.

99.     Emily Imus incurred injuries, damages, and losses as the result of the wrongful death of her son Connor Imus on May 5, 2019.

### SIXTH CLAIM FOR RELIEF
### AGAINST THE US
### PREMISES LIABILITY TO INVITEE RESULTING IN WRONGFUL DEATH AND
SURVIVOR CLAIM
SECTION 13-21-115, C.R.S.
C.J.I.-Civ. 12:3

100.     Plaintiffs incorporate by reference each paragraph of this Complaint.

101.     Plaintiffs incurred injuries, damages, and losses as a result of the May 5, 2019, incident.

102.     On May 5, 2019, and at all other relevant times the US was a "landowner," as defined in section 13-21-115(1), C.R.S., of the Property.

10

103.    On May 5, 2019, and at all other relevant times the US was in possession of the Property and it was legally responsible for the condition of the Property and for the activities conducted or circumstances existing on the premises of the Property.

104.    On May 5, 2019, Connor Imus was an invitee as defined in section 13-21-115(5)(a), C.R.S., when he entered the Property.

105.    On May 5, 2019, Connor Imus entered or remained on the Property of the US in response to the US's express or implied representation that the public is requested, expected, or intended to enter or remain.

106.    The US has a duty to exercise reasonable care to protect against dangers of which it actually knew or as a reasonable person exercising reasonable care should have known.

107.    At all times relevant hereto, the US had the duty to warn the public of all dangerous conditions of which it was aware or should have been aware.

108.    There were no signs, warnings, or notices to persons on the Property that the Property had an unsafe canal.

109.    The US knew or should have known that the presence of the canal constituted a danger to the public, including Connor Imus.

110.    The US knew or should have known that the presence of the canal constituted a dangerous condition.

111.    The US failed to use reasonable care to protect Connor Imus against the danger of the canal.

112.    Plaintiffs were injured as a result of the US's failure to exercise reasonable care.

113.    Plaintiffs sustained injuries, damages, and losses as a result of the US's failure to exercise reasonable care.

## SEVENTH CLAIM FOR RELIEF
## AGAINST THE US
## PREMISES LIABILITY TO LICENSEE RESULTING IN WRONGFUL DEATH AND SURVIVOR CLAIM
Section 13-21-115, C.R.S.;
C.J.I.-Civ. 12:2

11

114.    Plaintiffs incorporate by reference each paragraph of this complaint.

115.    On May 5, 2019, and at all other relevant times, the US was a "landowner," as defined in 13-21-115(1), C.R.S., of the Property.

116.    On May 5, 2019, and at all other relevant times, the US was in possession of the Property and was legally responsible for the condition of the Property and for the activities conducted or circumstances existing on the Property.

117.    On May 5, 2019, Connor Imus was a "licensee," as defined in section 13-21-115(5)(b), C.R.S., when he entered the Property.

118.    On May 5, 2019, Connor Imus entered or remained on the premises of the Property for his own convenience or to advance his own interests, pursuant to the US's permission or consent.

119.    Connor Imus had the US's permission or consent to enter or remain on the premises of the Property.

120.    As a landowner, the US assumed a duty of care to Connor Imus, who was a licensee on the Property.

121.    The US knew that the presence of the canal constituted a danger to the public, including Connor Imus.

122.    The US failed to use reasonable care to warn of the danger on the Property which it actually knew about, and the danger was one not ordinarily present on the premises.

123.    The US failed to use reasonable care to protect against the danger on the Property.

124.    Plaintiffs were injured as a result of the US's failure to exercise reasonable care.

125.    Plaintiffs sustained injuries, damages, and losses as a result of the US's failure.

## EIGHTH CLAIM FOR RELIEF
## AGAINST THE US
## PREMISES LIABILITY TO TRESSPASSEE RESULTING IN WRONGFUL DEATH
## AND SURVIVOR CLAIM
Section 13-21-115, C.R.S.;
C.J.I.-Civ. 12:1

126.    Plaintiffs incorporate by reference each paragraph of this complaint.

12

127.    On May 5, 2019, and at all other relevant times, the US was a "landowner," as defined in 13-21-115(1), C.R.S., of the Property.

128.    On May 5, 2019, and at all other relevant times, the US was in possession of the Property and was legally responsible for the condition of the Property and for the activities conducted or circumstances existing on the Property.

129.    On May 5, 2019, Connor Imus was a "trespasser" as defined in section 13-21-115(5)(a), C.R.S., when he entered the Property.

130.    As a landowner, the US assumed a duty of care to Connor Imus, who was a trespasser on the Property.

131.    The US knew that the presence of the canal constituted a danger to the public, including Connor Imus.

132.    The US acted willfully or deliberately in its failure to warn and safeguard of the danger on the Property, which it actually knew about, and the danger was one not ordinarily present on the premises.

133.    Connor Imus was injured and died as a result of the US's willful or deliberate acts.

134.    Plaintiffs sustained injuries, damages, and losses as a result of the US's willful and deliberate conduct.

## DAMAGES
### CJI-Civ. 6:1 and 10:3

135.    Plaintiffs incorporate by reference all paragraphs of this Complaint.

136.    Connor Imus sustained injuries, damages, and losses as a result of the May 5, 2019, incident.

137.    Matthew Imus sustained injuries, damages, and losses as a result of the May 5, 2019, incident.

138.    Emily Imus sustained injuries, damages, and losses as a result of the May 5, 2019, incident.

139.    Matthew Imus and Emily Imus may maintain an action under section 13-21-202, C.R.S, for the injuries, damages, and losses resulting from the wrongful death of their son

13

Connor Imus on May 5, 2019.

140.    The defendants' wrongful actions and/or omissions were a cause of the injuries, damages, and losses sustained by Connor Imus as result of the May 5, 2019, incident.

141.    The defendants' wrongful actions and/or omissions were a cause of the injuries, damages, and losses sustained by Matthew Imus and Emily Imus as a result of the wrongful death of their son Connor Imus on May 5, 2019.

142.    The defendants' wrongful actions and/or omissions caused Matthew Imus and Emily Imus to incur past, present, and future noneconomic injuries, damages, and losses due to the death of Connor Imus, including but not limited to grief, pain and suffering, emotional stress, and impairment of the quality of life.

143.    The defendants' wrongful actions and/or omissions caused Matthew Imus and Emily Imus to incur past, present, and future economic injuries, damages, and losses due to the death of Connor Imus, including reasonable funeral expenses; loss of earnings and impairment of earning capacity; reasonable and necessary medical expenses including, but not limited to, physician expenses, prescription expenses, and counseling expenses; and any net financial loss which is the same as the financial benefit Matthew Imus might reasonably have expected to receive from Connor Imus had he lived beyond May 5, 2019.

WHEREFORE, plaintiffs respectfully request that this Court enter judgment in their favor and against defendants, and grant:

(a) That the court award plaintiffs judgment against defendants in such sums as shall be determined to fully and fairly compensate Plaintiffs for all damages incurred, or to be incurred, by Plaintiffs as the direct and proximate result of the acts and omissions of the defendants;

(b)  Economic losses, including past and future medical expenses, past and future wage loss, mileage, and the value of loss of household services;

(c) Noneconomic losses including (1) pain and suffering; (2) inconvenience; (3) emotional distress; and (4) impairment of the quality of life;

(d) Compensation for the wrongful death and survivor claims as a result of the incident.

(e) Compensation for loss of consortium suffered as a result of the incident.

(f) Litigation costs associated with this action as permitted by law;

14

(g) Pre- and post-judgment interest at the highest lawful rate;

(h) That the court permit Plaintiffs the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

(i) Any further relief that this Court deems just and proper, and any other relief as allowed by law.

DATED this 16th day of April 2022.

KILLIAN DAVIS Richter & Mayle, PC

*/s/ J. Keith Killian*
J. Keith Killian                    No. 9042
Timothy R. Wolfe                    No. 56952
Attorneys for Plaintiff

Plaintiffs' Addresses:

Matthew Imus: 3739 Buffalo Lane, Montrose, Colorado 81403.
Emily Imus: 16377 6770 Court, Montrose, Colorado 81401.

15

☒**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL
PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY
COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| District Court, Montrose County, Colorado<br>Court Address: 1200 N Grand Ave.<br>Montrose, CO 81401<br><br>Plaintiff(s): MATTHEW IMUS, EMILY IMUS, and MATTHEW IMUS as the PERSONAL REPRESENTATIVE of the ESTATE OF CONNOR IMUS<br><br>v.<br>Defendant(s): THE UNCOMPAHGRE VALLEY WATER USERS ASSOCIATION | e-filed: 5/4/21<br><br><br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>J. Keith Killian, No. 9042<br>Joseph L. Fredenburg, No. 55463<br>KILLIAN DAVIS Richter & Mayle, PC<br>202 N. 7th Street<br>Grand Junction, CO 81501<br>Phone Number: 970-241-0707<br>FAX Number: 970-242-8375<br>E-mail:  keith@killianlaw.com; joseph@killianlaw.com | Case Number:<br><br><br><br><br>Division      Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,<br>COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT<br>AND JURY DEMAND** | |

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    ☐  This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☒ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date:** May 4, 2021                    /s/ J. Keith Killian _____
                                         **Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

**Your filing has been successfully submitted to the court. Your filing is not considered final until the court accepts it.**

**Filing Information:**
**Filing ID:** 63D97B3D1E69C
**Court Location:** Montrose County
**Case Number:** 2021CV030025
**Case Caption:** Imus, Matthew et al v. THE UNCOMPAHGRE VALLEY WATER USERS ASSOC
**Authorized Date:** 05/04/2021 5:18 PM
**Submitted By:** Cassidy Jennings

**Filing Party(ies):**

| Party | Type | Status | Attorney |
|---|---|---|---|
| Emily Imus | Plaintiff | Active | Joseph Lester Fredenburg (Killian Davis Richter & Mayle, PC)<br>Keith Killian (Killian Davis Richter & Mayle, PC) |
| Matthew Imus | Plaintiff | Active | Joseph Lester Fredenburg (Killian Davis Richter & Mayle, PC)<br>Keith Killian (Killian Davis Richter & Mayle, PC) |

**Documents:**

| Document ID | Document | Title | Statutory Fee | Security |
|---|---|---|---|---|
| 3D556188364C9 | Complaint | Complaint | $235.00 | Public |
| FF4A81EDAAD4A | Civil Case Cover Sheet | Civil Case Cover Sheet | $0.00 | Public |

**Courtesy Copy(ies):**

| Party | Type | Attorney | Organization | Method |
|---|---|---|---|---|
| | | No results were found. | | |

**Submission Options:**
**Note To Clerk:** N/A
**Authorizer:** Keith Killian
**Submit Options:** Submit to the court.

**Billing Information:**
**Statutory Filing Fees:** $235.00
**E-Filing Fees:** $12.00
**Courtesy Copy Fees:** $0.00
**Total Fees:** $247.00
**Billing Reference:** 9731